**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONNA CARROLL BRIGGS,<br><br>   Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. ED CV 15-00670 AFM<br><br>**ORDER AFFIRMING DECISION OF COMMISSIONER** |

The sole disputed issue in the Joint Stipulation is whether the ALJ's determination that Plaintiff Donna Carroll Briggs is not disabled is supported by substantial evidence and free of legal error in light of evidence presented for the first time to the Appeals Council. (*See* Jt. Stip. at 5.) The Court now rules as follows with respect to that issue.[1]

///

///

---

[1] The decision in this case is being made on the basis of the pleadings, the administrative record (AR), and the Joint Stipulation (Jt. Stip.).

**BACKGROUND**

In a decision issued on December 13, 2013, the ALJ determined that Plaintiff had the residual functional capacity to perform less than a full range of medium work: "[Plaintiff] can lift and/or carry 50 pounds occasionally and 25 pounds frequently; she can stand and/or walk for about six hours out of an eight-hour workday with regular breaks; she can sit for about six hours out of an eight-hour workday with regular breaks; she is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; the [plaintiff] is limited to frequent postural activities such as climbing, balancing, stooping, kneeling, crouching and crawling; the [plaintiff] can occasionally climb ladders, ropes and scaffolds and is limited to frequent bilateral overhead reaching; the [plaintiff] must avoid concentrated exposure to hazards, such as dangerous machinery and unprotected heights." (AR 14.) In so finding, the ALJ accorded substantial weight to several medical opinions, including Dr. Sandra M. Eriks (who conducted a consultative internal medicine evaluation of Plaintiff (AR 341-45)) and two state agency medical consultants, Dr. L. Naiman (AR 45-55,56-66) and Dr. N. Tsoulous. (AR 82-93.) The ALJ determined that Plaintiff can perform her past relevant work of a home health aide, cashier or pharmacy technician. (AR 18.) In the alternative, the ALJ found, based on the RFC, that Plaintiff could perform the following jobs in the medium work category: hand packager, dry clean worker, electronics worker, or parking lot booth attendant. (AR 19.) As a result, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. (AR 20.)

After the ALJ issued his decision, Plaintiff requested review by the Appeals Council and proffered, for the first time, a March 2014 opinion by Dr. Rada. (AR 420-21.) In a two page "Residual Functional Capacity Questionnaire" dated March 6, 2014 (AR 420-21), Dr. Rada stated that Plaintiff had lumbar spine

impairments, which caused a number of significant limitations.[2] According to the March 2014 opinion of Dr. Rada, Plaintiff should never lift or carry, should never push or pull, should never use her hands for fine manipulation, should never squat, crawl, climb, crouch or kneel, and should sit, stand and walk for about 2 hours each in an 8 hour day. (AR 420.) Dr. Rada further opined that these limitations applied beginning in 2000. (AR 421.) The Appeals Council received Dr. Rada's March 2014 opinion (and made it part of the record) but denied Plaintiff's request for review. (AR 1-7.) Accordingly, the ALJ's decision became the Commissioner's final decision.

## ANALYSIS

The Ninth Circuit has held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *See Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Thus, the Court must consider Dr. Rada's March 2014 opinion when reviewing the Commissioner's final decision for substantial evidence.

After considering the updated record as a whole, the Court finds that substantial evidence supports the Commissioner's final decision. First, the fact that Dr. Rada's March 2014 opinion provides some evidentiary support for Plaintiff's disability allegation is insufficient for the Court to find that this opinion rendered the Commissioner's final decision devoid of support by substantial evidence. *See Sullivan v. Colvin*, 588 Fed. App'x. 725, 726-27 (9th Cir. 2014) (substantial evidence supported Commissioner's final decision despite evidence submitted for first time to Appeals Council supporting claimant's disability allegations); *Boyd v.*

---

[2] At the end of the form, Dr. Rada also reported that Plaintiff had a history of left knee and ankle problems. (AR 421.)

*Colvin*, 524 Fed. App'x. 334, 336 (9th Cir. 2013) (substantial evidence supported Commissioner's final decision despite evidence submitted for first time to Appeals Council opining that claimant met requirements of a Listing).

Second, the severity of the limitations in Dr. Rada's March 2014 opinion are at odds with or unsupported by other evidence in the record (as discussed by the ALJ). (See AR 14-18.) *See Young v. Heckler*, 803 F.2d 963, 967, 968 (9th Cir. 1986) (treating physician's most recent opinion that claimant was disabled was properly rejected where it contradicted earlier medical reports, including those of the physician himself, and where the record was far from clear that claimant's condition was progressively deteriorating). For example, although Dr. Rada attributes Plaintiff's disabling limitations to a lumbar spine impairment, an x-ray exam of Plaintiff's lumbar spine in December 2012 showed minimal scoliosis, with an otherwise normal examination. (AR 378.) The ALJ discussed this medical evidence regarding the lumbar spine, along with other x-rays of Plaintiff's shoulders and thoracic spine, which were reported to be normal. (AR 16.) Dr. Rada also opines that Plaintiff had suffered with her disabling limitations **since 2000**, even though Plaintiff testified that she worked **until June 2011**. (AR 30.) Moreover, Dr. Rada's March 2014 opinion was brief and conclusory (using primarily a "check-box" form), which is a further reason why there would be no obligation to accept it. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Young*, 803 F.2d at 968 (treating physician's most recent medical opinion that claimant was disabled was properly rejected as "brief and conclusionary in form").

Third, Dr. Rada's opinion is at odds with other medical opinions credited by the ALJ. In particular, Dr. Rada's conclusions in March 2014 conflict with the opinions of Dr. Eriks, Dr. Naiman, and Dr. Tsoulous (AR 45-55, 56-66, 341-45), all of whom concluded that Plaintiff was not disabled and could perform work at exertional levels in line with the ALJ's RFC. *See Boyd*, 524 Fed. Appx. at 336 (finding substantial evidence in the updated record for Commissioner's final

decision where evidence presented for first time to Appeals Council was, *inter alia*, at odds with extensive evidence that was before the ALJ).

Fourth, the ALJ's decision is supported by Plaintiff's conservative treatment, which the ALJ reviewed and considered: "The [plaintiff] has not generally received the type of medical treatment one would expect for a totally disabled individual. The record indicated the [plaintiff] consulted with an orthopedic consult, but did not return for any follow-up appointments [AR 304]. The [plaintiff] has sought medications and treatment for pain in her back, arms and legs (testimony)." (AR 15.)

Fifth, the evidence of Plaintiff's daily activities provides further support for the ALJ's conclusion of no disability. For example, as noted by the ALJ, Plaintiff reported in March 2013 that "she was generally able to do usual activities, had good exercise tolerance, and had a good general state of health." (AR 15, citing AR 381.)

Although Plaintiff contends that the Court should find that the ALJ and Appeals Council erred by failing to articulate clear and convincing reasons for rejecting Dr. Rada's March 2014 opinion (*see* Jt. Stip. at 14-16), the Court disagrees. Dr. Rada's written opinion did not exist at the time of the ALJ's decision and thus could not be expressly rebutted in the ALJ's decision by specific reasons. Nevertheless, as discussed herein and as required by the Ninth Circuit's decision in *Brewes*, the ALJ decision is supported by substantial evidence even when the later Rada opinion is considered as part of the overall record. As to the Appeals Council, the Court has no jurisdiction to review the Appeals Council's decision denying Plaintiff's request for review because that decision is a non-final agency action. *See Taylor v. Commissioner of Social Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Moreover, the Appeals Council is not required to provide detailed rationale whenever it is faced with new evidence. *See id.* at 1232 (citing *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996) (noting that "the Appeals

Council is not required to make any particular evidentiary finding" about evidence presented to it for the first time)).

The Court further notes that Ninth Circuit unpublished decisions, as well as a number of Ninth Circuit district courts, have applied the directives in *Taylor* and *Gomez* and held that the Appeals Council need not make evidentiary findings regarding newly submitted evidence. *See, e.g., Wilder v. Commissioner of Social Sec. Admin.*, 545 Fed. App'x. 638, 639-40 (9th Cir. 2013) (rejecting contention that Appeals Council erred in affirming ALJ's decision without remarking on new and material evidence because courts have no jurisdiction to review an Appeals Council's denial of request for review); *Leir v. Colvin*, 544 Fed. App'x. 704, 705 (9th Cir. 2013) ("The Appeals Council was not required to make any particular evidentiary finding."); *Bifarella v. Colvin*, 51 F. Supp. 3d 926, 933 (E.D. Cal. 2014) ("[W]hile the Appeals Council was required to consider Dr. Mosson's opinion in assessing whether to grant review, it was not required to provide a detailed explanation for why such evidence did not warrant review of the ALJ's decision."); *Palomares v. Astrue*, 887 F. Supp. 2d 906, 916 (N.D. Cal. 2012) ("The Court is persuaded that given the role of this reviewing court apparently assigned by the Ninth Circuit's recent decision in *Taylor*, the Appeals Council is not required to give specific and legitimate reasons for its rejection of a treating physician's evidence when it does not review the ALJ's decision."); *Warner v. Astrue*, 859 F. Supp. 2d 1107, 1115 (C.D. Cal. 2012) ("The *Taylor* decision thus calls into serious question whether District Courts in the Ninth Circuit should continue to impose on the Appeals Council the same requirements for rejecting newly submitted medical opinions as the courts impose on ALJs for rejecting previously submitted medical opinions."); *Worthen-Smith v. Colvin*, 2013 WL 4049050, at *5 (E.D. Cal. Aug. 9, 2013) ("[U]nder *Taylor*, Plaintiff's argument that the Commissioner's decision is legally deficient for failing to include 'specific and legitimate reasons' for discounting Dr. Blankenship's disability opinion, is

unpersuasive."); *Coleman v. Astrue*, 2012 WL 987735, at *9 (S.D. Cal. Feb. 14, 2012) ("Because the court cannot affirm or reverse the Appeals Council's decision, it makes sense that the court would not evaluate whether the Appeals Council made sufficient findings.").

In any event, the Court finds that any error by the Commissioner in failing to provide a detailed rationale for rejecting Dr. Rada's March 2014 opinion was harmless for the same reasons that the Court finds substantial evidence supports the ALJ's conclusions ─ with Dr. Rada's opinion as part of the record. *See, e.g., Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (holding that reversal not warranted for failure to discuss treating psychiatrist's letter that was neither significant nor probative because it contained an "[a]fter-the-fact" diagnosis that claimant was severely impaired); *Molina v. Colvin*, 2013 WL 5220570, at *2 n.2 (C.D. Cal. Sept. 16, 2013) (noting that any asserted error in failure to discuss a treating physician's opinion, reflected on a one-page, check-the-box medical information release form, that plaintiff had a medically verifiable condition that limited the performance of certain tasks was harmless).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: January 25, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE